MÉNDEZ HERMANOS, Plaintiff and Appellee-Appellant, *v.* MANUEL V. DOMENECH, TREASURER OF PUERTO RICO, Defendant and Appellant-Appellee. SAME v. R. SANCHO BONET, TREASURER OF PUERTO RICO, Defendant and Appellee.

Nos. 7116 and 7248. Argued January 12, 1937.—Decided March 18, 1937.

J. J. *Ortiz Alibrán* for appellant. B. *Fernández García, Attorney General,* and R. *Cordovés Arana, First Assistant Attorney General,* for appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Méndez Hermanos, a commercial partnership domiciled in Humacao, brought suit in the District Court of San Juan, on

January 21, 1923, against the Treasurer of Puerto Rico to recover the sum of $1,941.03, which it had paid under protest as income tax on January 30, 1932.

The defendant set up by way of demurrer that the complaint did not state facts sufficient to constitute a cause of action "inasmuch as the action therein exercised has prescribed, in accordance with the provisions of subdivision (a) of section 76 of Act No. 74, approved August 5, 1925, since it appears from the complaint that this action was brought after thirty days had elapsed from the date on which the tax was paid under protest."

The demurrer was overruled, the defendant answered, and the case went to trial. On June 6, 1935, the district court rendered judgment dismissing the complaint as regards the elimination of the salary paid to a partner, on the authority of *Moscoso Bros. & Co., S. en C.* v. *Domenech,* 44 P.R.R. 11, and it sustained the complaint as regards the deduction of $5,000 claimed in conformity with section 34 of Act No. 74 of 1925, as it thought that said section was in full force, since Act No. 18 of 1927 (Session Laws, p. 486), which had been enacted to amend the former act, was null and void according to the holding of the Circuit Court of Appeals for the First Circuit in the case of *Domenech* v. *Havemeyer,* 49 F. (2d) 849.

Both parties appealed from the judgment. Their appeals have been separately prosecuted but were heard on the same day. All the questions raised have been fully argued. One of these is of a preliminary character, namely, the claim that the action was brought after the lapse of the period prescribed by law.

Such is the case, indeed. In accordance with the decision of this court in *Porto Rico Fertilizer Co.* v. *Domenech,* 49 P.R.R. 43, the law governing the case herein is the one invoked by the plaintiff itself, that is, Act No. 74 of 1925. This act fixes a period of thirty days within which to resort to the courts after making the payment under protest; and

here, between the date of such payment and the filing of the complaint, more than eleven months elapsed.

Therefore, the demurrer interposed by the defendant should have been sustained and judgment rendered accordingly. This was not done. The case proceeded upon a false basis and everything must necessarily fall with the latter. The judgment appealed from cannot stand, whether its pronouncements are favorable or not to either of the parties. It must be reversed in its entirety and substituted by another dismissing the complaint, without special imposition of costs.